UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

RONALD H. VAN DEN HEUVEL,

        Defendant.

Case No. 16-CR-064
17-CR-160

## ORDER DENYING THIRD MOTION FOR COMPASSIONATE RELEASE

Defendant Ronald H. Van Den Heuvel pled guilty to multiple fraud schemes in two different cases involving losses totaling some 9.8 million dollars. In Case No. 16-CR-64, Van Den Heuvel was convicted of Bank Fraud and sentenced to 36 months in prison on January 15, 2018. On January 23, 2019, Van Den Heuvel was sentenced to a concurrent term of 90 months for Wire Fraud. He has a release date of May 26, 2025, and a home detention eligibility date of November 26, 2024. The case is currently before the Court on Van Den Heuvel's third motion for compassionate release under 18 U.S.C. § 3582. That section grants the Court authority to reduce a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction" after considering the factors set forth in § 3553(a). This is not such a case.

Van Den Heuvel's crimes were serious. They were the culmination of a long track record of manipulating, exploiting, and defrauding others to fuel his high-end lifestyle. The fact that the losses total some 9.8 million dollars reflects the scope and magnitude of his fraud. In support of his motion for compassionate release, Van Den Heuvel cites his age (66), history of health issues, including diabetes, being in a wheelchair, and a lack of care within the Bureau of Prisons. He

claims that, in the current climate with the COVID-19 pandemic, these conditions amount to extraordinary and compelling reasons for a reduction in his sentence.

According to the Presentence Report, Van Den Heuvel has Type I diabetes. He described his health to the Presentence Report author as "relatively good" other than as related to his blood sugars. Case No. 16-CR-64, Dkt. No. 167 at 22. After his bail was revoked, however, and while his second case was pending, Van Den Heuvel and his attorney complained of the failure of the Brown County jail staff to meet his medical needs and his resulting decline in health. Case No. 17-CR-160, Dkt. No. 98 at 1. By the time of sentencing, however, he had undergone a significant improvement. In his words, "My blood pressure is 100 over 65. I lost 80 pounds. I haven't used insulin in three days. I don't need it. This is beyond anything I ever could have done myself." Dkt. No. 144, at 85:06–08.

Yet, according to medical records referenced in Probation's response to Van Den Heuvel's first motion for compassionate release, he was considered non-compliant with his diet and exercise program, was gaining weight, and his insulin dose continued to rise. Dkt. No. 160 at 2. By the time of his second motion, it appeared Van Den Heuvel had resolved to improve his compliance. Probation reported that at his most recent health check, Van Den Heuvel had stated that he was attempting to positively adjust his diet and lifestyle by eliminating foods with high sugar content from his diet; trying to eat more fish; and has started walking four miles per day. Dkt. No. 167 at 2. This new resolution appeared to have been short-lived. According to a January 25, 2021 Health Services report, Van Den Heuvel was "not lifestyle compliant." Dkt. No. 181 at 3. Although he claimed he was eating healthier and staying away from junk food and pop, a review of his commissary purchases over the last month told a different story. He was purchasing a significant amount of rice and soft drinks. These are foods he was purchasing on his own and were not part

of his meal provided by the prison. Van Den Heuvel also admitted he had not been walking or working out. *Id.* at 5. Despite his noncompliance and even though he had gained 11 pounds over the last year, Van Den Heuvel's A1C had dropped to 8.6.

As to COVID-19, medical records indicate that Van Den Heuvel tested positive for COVID-19 on 11/19/20, was quarantined, and has since recovered. Dkt. No. 181 at 1. He complains of diarrhea, stomach pain, burning while urinating, numbness in his fingers, earaches, and bloody noses which he attributes to the COVID-19 virus. He also had a cough that was still present on 12/15/20. Since that date he has not complained of a cough. Records also indicate he was given his first dose of the Moderna Vaccine on 1/12/21. Having now recovered from the virus and received a vaccination, it would appear Van Den Heuvel is not at significant risk of death or serious health consequences.

Van Den Heuvel is currently held at FPC Duluth. According to the BOP website, there is currently only one staff member and no inmates positive for COVID-19. Over the past year, 193 inmates, including Van Den Heuvel, and 19 staff members tested positive, but all have recovered. There have been no deaths. In addition, 36,285 doses of the COVID vaccine have been distributed to the BOP and 32,879 have been administered. https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2021).

Finally, it should also be noted that, whereas the Center for Disease Control has listed Type II diabetes as among those health conditions that place individuals of any age at increased risk of death or hospitalization in the event they contract COVID-19, it has not included Type I diabetes in the same list. Instead, the CDC states that Type I diabetes might place one at increased risk, meaning that currently there are limited data and information about the impact of this condition on

3

the risk for severe illness from COVID-19. https://www.cdc.gov/coronavirus /2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 2, 2021).

Given these facts and the nature and seriousness of Van Den Heuvel's crimes, the Court again concludes that Van Den Heuvel's situation does not constitute extraordinary and compelling reasons for reduction of his sentence. It appears that the Bureau of Prisons is more than able to meet his health care needs, despite his noncompliance with recommended dietary and exercise regimens intended to keep his diabetes under control. In addition, the BOP has been attempting, with extraordinary care, to control any outbreaks of the COVID-19 virus within its institutions. Under these circumstances, the Court concludes that Van Den Heuvel's motion for compassionate release should be and hereby is denied.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of February, 2021.

    s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court