UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 16-CR-64
                                                   17-CR-160

RONALD H. VAN DEN HEUVEL,

    Defendant.

# ORDER

        Defendant Ronald H. Van Den Heuvel pled guilty to multiple fraud schemes in two different cases involving losses totaling some 9.8 million dollars. In Case No. 16-CR-64, Van Den Heuvel was convicted of Bank Fraud and sentenced to 36 months in prison on January 15, 2018. In 17-CR-160, Van Den Heuvel was sentenced on January 23, 2019 to a concurrent term of 90 months for Wire Fraud. He has a release date of May 26, 2025 and has a home detention eligibility date of November 26, 2024. The case is currently before the court on Van Den Heuvel's letter requests to work at Cheboygan Tissue Mill, 16-CR-64 Dkt. Nos. 274 and 275 and 17-CR-160 Dkt. Nos. 199 and 200, as well as other miscellaneous filings–including Van Den Heuvel's motion to clarify, motion regarding restitution, and third motion for compassionate release under 18 U.S.C. § 3582. 16-CR-64 Dkt. No. 258 and 264 and 17-CR-160 Dkt. Nos. 186, 189, and 192.

        First, Van Den Heuvel filed letters asking for the court's permission to work at Cheboygan Tissue Mills. Because Van Den Heuvel remains in the custody of the Bureau of Prisons (BOP), it is the responsibility of the BOP to determine what limitations it sets upon Van Den Heuvel while in their custody. This court is without authority to determine where Van Den Heuvel should be

allowed to work and declines to take any further action on his letter requests to work at Cheboygan Tissue Mills. His motions are denied.

Additionally, Van Den Heuvel's motions to clarify, 16-CR-64 Dkt. No. 258 and 17-CR-160 Dkt. No. 258, fail for the same reason. Van Den Heuvel asks this court to calculate his release date, but that is not the role of the court. Once a sentence is imposed, the Bureau of Prisons is tasked with performing that calculation. Van Den Heuvel's remedy, if he objects to the date calculated by the BOP, is to the appeal that decision within the BOP. His motions seeking the court's involvement, therefore, are denied.

Next, there remains on the court docket a "Motion to Address Restitution" filed by Van Den Heuvel, seeking a reduction in his ordered restitution amounts. Although the issue of beginning payments of restitution upon his release to residential re-entry was addressed in response to the government's earlier motions, there remains Van Den Heuvel's motion, 17-CR-160 Dkt. 189, wherein he seeks to "update this Court as to the balance of his outstanding Criminal Monetary Penalties." *Id.* at 1. Van Den Heuvel claims, without corroboration, under penalty of perjury–that restitution amounts have been paid to his victims–which would essentially reduce his court-ordered obligation to the victims by over 6.9 million dollars. 17-CR-160 Dkt. 189 at 2. According to the government, as of the filing of its October 22, 2021, response, Van Den Heuvel had paid in 16-CR-64 only the $100 special assessment and $25.00 towards restitution, and in 17-CR-160 only the $100 special assessment—and only co-defendants had paid anything towards restitution. The government asks the court to:

> [O]rder Van Den Heuvel to show cause for filing materially false statements, and in the absence of reasonable justification, find that he knowingly made false statements to the Court under penalty of perjury. The government further suggests that the Court forward its findings to the Bureau of Prisons to consider disciplinary action, and to the United States Probation Office, which will be responsible for supervising Van Den Heuvel upon his release from prison.

17-CR-160 Dkt. No. 191 at 3. As to this issue the court denies Van Den Heuvel's request to adjust the amount of restitution ordered. He has provided no credible evidence of payments made. If he has such evidence, he should present it first to the government and only involve the court if there remains a dispute over what is owed. The court declines to take any further action.

And finally, since March 27, 2020, Van Den Heuvel has filed three motions for compassionate release and three motions for reconsideration. This court's denials of his previous motions for compassionate release cited several factors including having filed a virtually identical motion to one denied in 17-C-1261 (17-CR-160 Dkt. No. 157 at 1); not exhausting his administrative remedies (*id.*), lack of active COVID-19 cases in the facility in which he was being held (Dkt. No. 162 at at 2); reports of non-compliance with his diabetes treatment (*id.*); and the seriousness of his offense (*id.* at 1). In the court's most recent denial of compassionate release for Van Den Heuvel, 17-CR-160 Dkt. No. 182, the court noted a repeated pattern of vast improvement in his diabetes management when Van Den Heuvel was incarcerated and compliant with his health care regime and medications in comparison to when he was released on bond. It appears, however, that Van Den Heuvel's pending motion for compassionate release should be terminated as moot. The court notes that, in a previously-filed brief in response to Van Den Heuvel's restitution request, the government advises:

> The Bureau of Prisons has nonetheless released Mr. Van Den Heuvel to "home confinement" pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 ("CARES Act"), Section 12003(b)(2). Neither the United States Attorney's Office nor the victims were consulted in advance about that transfer. Mr. Van Den Heuvel is thus currently out of custody and residing in Cheboygan, Michigan, where he is able to work. Indeed, multiple witnesses have reported to the government that he is, in fact, earning money. Mr. Van Den Heuvel has not, however, been making regular restitution payments, and continues to owe substantial outstanding restitution. He most recently contributed to his restitution obligation in June 2021 (for case 17-CR-160) and December 2021 (for case 16-CR-64).

3

17CR160 Dkt No. 194 at 2. Essentially, the above response states that Van Den Heuvel's compassionate release requested was in effect granted through the Bureau of Prisons (BOP). In any event, his motion for compassionate release states no new factors not previously considered that would entitle him to any additional relief. But even if it did, the fact that he is released to residential re-entry and is no longer incarcerated renders his latest motion for compassionate release moot.

**NOW, THEREOFRE, IT IS HEREBY ORDERED** that, Van Den Heuvel's letter requests to work at Cheboygan Tissue Mill, 16-CR-64 Dkt. Nos. 274 and 275 and 17-CR-160 Dkt. Nos. 199 and 200, are **DENIED** as this court lacks the authority to rule on his requests; the motions to clarify, 16-CR-64 Dkt No. 258; 17-CR-160 Dkt. No. 186, are **DENIED;** the motion to address restitution, 17-CR-160 Dkt. No. 189, is **DENIED**; and the motions for compassionate release, 16-CR-64 Dkt. No. 264 and 17-CR-160 Dkt. No. 192, are **DENIED AS MOOT**.

Dated at Green Bay, Wisconsin this 2nd day of May, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge